UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: ERSKINE MAYTORENA and SVETLANA PETKOVIC, | No. 09-10325-m7 |
| Debtors. | |
| In re: MICHELLE M. THOMPSON, | No. 09-11934-m7 |
| Debtor. | |

| | |
|---|---|
| KELLI A. MCNAUGHTON and TODD A. MCNAUGHTON, | |
| Plaintiffs, | |
| v. | |
| ERSKINE MAYTORENA, SVETLANA PETKOVIC, | Adversary No. 11-1079-j |
| and MICHELLE M. THOMPSON, | Adversary No. 11-1080-j |
| Defendants. | |

## MEMORANDUM OPINION

THIS MATTER[1] is before the Court on the Defendants' motions for summary judgment.[2]

Plaintiffs Kelli A. and Todd A. McNaughton filed a complaint against Defendants Erskine

---

[1] This memorandum opinion decides motions for summary judgment in two separate adversary cases filed by Plaintiffs Kelli A. and Todd A. McNaughton (collectively, the "Plaintiffs" or "McNaughtons") against Defendants Erskine Maytorena, Svetlana Petkovic, and Michelle Thompson (collectively, the "Defendants"). *See* Adversary Proceeding Nos. 11-1079 and 11-1080. Although these adversary proceedings have not been formally joined pursuant to Rule 20, Fed.R.Civ.P., which is made applicable to adversary proceedings by Rule 7020, Fed.R.Bankr.P. the Court has conducted concurrent hearings in these two adversary proceedings because Plaintiffs and Defendants have both filed identical documents in both adversary proceedings. The numbering of filings in the docket reports for both cases is the same.

[2] Defendants' Motion to Dismiss or For Summary Judgment was filed on June 9, 2011. *See* Docket Nos. 6 and 7. Plaintiffs filed a Response to Defendants' Motion to Dismiss or For Summary Judgment on July 22, 2011. *See* Docket Nos. 10 and 11. Kelli McNaughton filed a supporting affidavit on July 25, 2011. *See* Docket No. 12. Defendants filed a Reply to Plaintiffs' Response to Defendants' Motion to Dismiss or for Summary Judgment on

Maytorena ("Maytorena"), Svetlana Petkovic ("Petkovic"), and Michelle M. Thompson ("Thompson") asserting that a debt arising from a failed real estate deal constitutes a non-dischargeable debt under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6). Plaintiffs also request that the Defendants' discharges be denied or, alternatively, revoked under 11 U.S.C. §§ 727(a) and 727(d)(1), respectively, on the ground that the Defendants' discharges were procured by fraud. Plaintiffs specifically assert violations of 11 U.S.C. § 727(a)(3), (a)(4)(A), (a)(4)(B), and (a)(4)(D).

Since the relevant limitations periods for filing objections to a debtor being granted a discharge or to non-dischargeability of a debt, and seeking revocation of discharge, have run unless tolled, Plaintiffs argue that equitable tolling should apply. The main cruxes of Plaintiffs' arguments rest on evidence that Defendants failed to give them proper notice by not listing Plaintiffs as creditors in papers filed in Defendants' bankruptcy cases, that Defendants concealed considerable property in their chapter 7 bankruptcy cases, which are now both closed, and that the Defendants defrauded the Plaintiffs. Defendants request summary judgment based on their assertion that the complaints are time-barred, given evidence that Plaintiffs received actual and timely notice of the Chapter 7 bankruptcy cases by receipt of Suggestions of Bankruptcy filed in a state court case then pending between the parties.

After consideration of the Defendants' motions for summary judgment, supporting memoranda, affidavits, and exhibits, and being otherwise sufficiently informed, this Court finds that facts not subject to material dispute establish that the Defendants provided actual notice of commencement of the Defendants' Chapter 7 bankruptcy cases to the Plaintiffs within one week after each Chapter 7 case was commenced, and that Plaintiffs cannot rely on equitable tolling to

---

August 4, 2011. *See* Docket No. 13. The Motion to Dismiss is summarily denied, as the Motion for Summary Judgment subsumes its issues and prayer for relief.

make their complaints timely. Consequently, the Court finds that summary judgment should be granted in favor of the Defendants.

I.  SUMMARY JUDGMENT STANDARDS

It is appropriate for the Court to grant summary judgment if the pleadings, discovery materials, and any affidavits before the Court show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. *See* Fed.R.Civ.P. 56(c), made applicable to this adversary proceeding by Fed.R.Bankr.P. 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the… court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Courts must review the evidentiary material submitted in support of a motion for summary judgment to ensure that the motion is supported by evidence. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden, then summary judgment must be denied. Hearsay evidence cannot be considered on a motion for summary judgment. *Wiley v. United States,* 20 F.3d 222, 226 (6th Cir. 1994). Any documentary evidence submitted in support of summary judgment must either be properly authenticated or self-authenticating under the Federal Rules of Evidence. *Goguen v. Textron, Inc.*, 234 F.R.D. 13, 16 (D.Mass. 2006). Furthermore, New Mexico Local Bankruptcy Rule 7056-1 provides that the movant's statement of material facts as to which the movant contends no genuine fact exists must "refer with particularity to those portion of the record upon which the movant relies." NM LBR 7056-1.

II.  JURISDICTION

This Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 1334(b) and 157(a). This matter is a core proceeding under 11 U.S.C. § 157 (b)(2)(I) and (b)(2)(J).

-3-

III.     FACTS NOT SUBJECT TO GENUINE DISPUTE[3]

Prior to commencement of their bankruptcy cases, Defendants owned and operated several companies involved in real estate transactions, including Abandon Form, Inc., a real estate investment company, and its construction branch, The Save On Company (together, the "Companies"). Defendants Maytorena and Petkovic, husband and wife, were the President and Vice President, respectively, of Abandon Form, Inc.; Defendant Thompson, mother of Maytorena, was the Secretary. On or about March 9, 2007, Plaintiffs made a contract with Abandon Form, Inc. to purchase certain real property located at 700 Arno Street SE, Albuquerque, New Mexico 87102 ("700 Arno"). Plaintiffs agreed to a purchase price of $230,000 and made a down payment of $56,428.[4] Following execution of the contract, Plaintiffs paid several thousand dollars more to the Companies and to Defendant Maytorena, individually.[5]

The Save On Company's contractor's license was subsequently suspended,[6] and in July 2007, the 700 Arno property failed mechanical, electrical, and plumbing inspections. On or about February 29, 2008, Plaintiff Todd McNaughton received a notice from the Residential Code Enforcement Division of Albuquerque's Department of Planning that 700 Arno was in substandard condition.[7]

On or about September 7, 2007, Plaintiffs filed a civil action against all three Defendants for civil conspiracy, fraudulent and negligent misrepresentations, unfair and unconscionable

---

[3] The following facts are not in genuine dispute for purposes of the Court's consideration of the pending motions for summary judgment. These facts are not deemed established for any other purpose.
[4] *See* Docket No. 1, Exhibit B.
[5] *See* Docket No. 1, Exhibit J.
[6] *See* Docket No. 1, Exhibit F.
[7] *Id.*

-4-

trade practices, breach of contract, breach of the implied warranties of good faith and fair dealing, breach of fiduciary duty, and alter ego (the "state court case").[8]

On January 30, 2009, while the state court case was pending, Defendants Maytorena and Petkovic filed a voluntary joint petition for relief under Chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the District of New Mexico, assigned case number 09-10325-m7. On February 4, 2009, counsel for Defendants Maytorena and Petkovic, Clayton E. Crowley, of the Crowley and Gribble, P.C. law firm, filed a Suggestion of Bankruptcy in the state court case and mailed a copy to the Plaintiffs' counsel of record in the state court case.[9] Plaintiffs received the Suggestion of Bankruptcy for Defendants Maytorena and Petkovic on February 6, 2009.[10] The Suggestion of Bankruptcy included the caption and case number for the Defendants' jointly administered bankruptcy case. The Plaintiffs took no action during the Defendants' pending Chapter 7 cases to prosecute their claims in the state court cases.

On May 5, 2009, while the state court case was still pending against Defendant Michelle Thompson, she filed a voluntary petition for bankruptcy under Chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the District of New Mexico, assigned case number 09-11934-m7. On that same day, counsel for Defendant Thompson, the same Clayton E. Crowley of the Crowley and Gribble, P.C. law firm, filed a Suggestion of Bankruptcy in the state court case and mailed a copy to the Plaintiffs' counsel of record in the state court case.[11]

---

[8] *Todd and Kelli McNaughton v. Erskine Maytorena, Svetlana Petkovic, and Michelle Maytorena*, CV 2007-7865, State of New Mexico, County of Bernalillo, Second Judicial District Court. *See* Docket No. 7, Exhibit A.
[9] *See* Docket No. 7, Defendants' Motion for Summary Judgment, Exhibit A.
[10] *See* Docket No. 1, Plaintiffs' Adversary Complaint to Object to Discharge And/Or Revoke Discharge, ¶ 41. It is unclear whether Plaintiffs received notice personally or through their attorney. Their Adversary Complaint merely states that they "received a suggestion of bankruptcy regarding defendants Erskine Maytorena and Svetlana Petkovic […]."
[11] *See* Docket No. 7, Defendants' Motion for Summary Judgment, Exhibit B.

Plaintiffs received the Suggestion of Bankruptcy for Defendant Thompson on May 8, 2009.[12] After receiving the Suggestions of Bankruptcy, Plaintiffs were led to understand, after making inquiry of certain attorneys, that Defendants' bankruptcy filings were private except to attorneys that had a special code and creditors who had filed claims in the bankruptcy cases.

Defendants did not list the Plaintiffs as creditors in their respective Schedules D, E, or F that were filed in their bankruptcy cases, nor did Defendants include Plaintiffs on the mailing list submitted to the Court upon the filing of their Chapter 7 cases. Defendants did, however, list the state court case on their respective Statements of Financial Affairs filed in their bankruptcy cases. Because Defendants did not list the Plaintiffs as creditors in their Schedules, Plaintiffs did not receive copies of the official Notices of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (each a "Notice of Commencement of Case") served on parties in interest in connection with Defendants' Chapter 7 bankruptcy cases.[13] Each Notice of Commencement of Case included notice of the date and time of the Section 341(a) meeting of creditors in the case, and of the deadline to file complaints objecting to Defendants being granted a discharge and to dischargeability of debts. Plaintiffs did not attend the Section 341(a) meetings of creditors in the Chapter 7 cases because they were unaware that the meetings had been scheduled.

Unless extended by order of the Court, deadlines to object to Defendants being granted a discharge and to dischargeability of debts, pursuant to 11 U.S.C. §§ 523 and 727(a), were due May 1, 2009 in the Maytorena and Petkovic Chapter 7 case and were due August 4, 2009 in the

---

[12] *See* Docket No. 1, Plaintiffs' Adversary Complaint to Object to Discharge And/Or Revoke Discharge, ¶ 41.
[13] *See In re Erskine Maytorena and Svetlana Petkovic*, Bankruptcy Case # 09-10325-m7 (Bankr.D.N.M.), Docket No. 1 (showing that Defendants Maytorena and Petkovic did not list the McNaughtons as Creditors on Schedules D, E, and F, but did mention the pending state court case on their Statement of Financial Affairs); Docket No. 9 (showing that the McNaughtons did not receive the Notice of Commencement of Case in the Maytorena and Petkovic bankruptcy case). *See, also, In re Michelle Thompson*, Bankruptcy Case # 09-11934-m7 (Bankr.D.N.M.), Docket No. 11 (showing that Defendant Thompson did not list the McNaughtons as creditors on Schedules D, E, or F, but did mention the pending state court case on her Statement of Financial Affairs); Docket No. 8 (showing that the McNaughtons did not receive the Notice of Commencement of Case in the Thompson bankruptcy case).

Thompson Chapter 7 case. The deadline to request revocation of discharge, pursuant to 11 U.S.C. § 727(d), was May 9, 2010 in the Maytorena and Petkovic Chapter 7 case and August 11, 2010 in the Thompson chapter 7 case.

Defendants Maytorena and Petkovic were granted a discharge on May 9, 2009; their case was closed on the same day. Defendant Michelle Thompson was granted a discharge on August 11, 2009; her case was closed on the same day. After Defendants Maytorena and Petkovic were granted a discharge in their Chapter 7 case, they filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Code on May 22, 2009 in the United States Bankruptcy Court for the District of New Mexico, thereby commending case no. 13-09-12221. That Chapter 13 case is ongoing.

On or about September 5, 2009, Plaintiffs for the first time contacted the Bankruptcy Court to inquire about the availability of records relating to Defendants' bankruptcy cases. This was when Plaintiffs first learned they could go to the office of the Clerk of the Bankruptcy Court to view dockets and documents filed in bankruptcy cases. Within days thereafter, Plaintiffs viewed the dockets and documents filed in the Defendants' bankruptcy cases. Upon reviewing those documents, Plaintiffs believed that the Defendants had not scheduled various of their assets. During the next week the Plaintiffs identified other assets and matters they believed should have been but were not disclosed in the Defendants' respective schedules and statements of financial affairs.

In the first half of September 2009, Plaintiffs lodged a complaint with the local Assistant United States Trustee, Ronald Andazola, alleging that the Defendants had misrepresented their assets and thus committed fraud in their bankruptcy cases. Around the same time, Plaintiffs also called Chapter 7 case trustee, Philip Montoya, and Chapter

-7-

Case 11-01080-j Doc 17 Filed 11/04/11 Entered 11/04/11 17:40:49 Page 7 of 16

13 trustee, Kelly Skehen, to make similar complaints. Plaintiffs sent email correspondence to Mr. Andazola on May 6, 2009 and December 8, 2009, asking for updates and providing additional information about their complaint.[14] The Plaintiffs believed that the only option available to them was to report bankruptcy fraud to the trustees.

On February 14, 2011, the Plaintiffs first discovered that they had the right to file an adversary proceeding to object to the Defendants being granted a discharge even though they were not listed as creditors in the Defendants' schedules. After researching how to accomplish this, on March 14, 2011, Plaintiffs filed an adversary proceeding in Defendants Maytorena and Petkovic's pending Chapter 13 case objecting to their discharge under 11 U.S.C. § 727 for reasons that included failure to disclose assets in their schedules in their Chapter 7 case.[15] At the scheduling conference held in that adversary proceeding on April 21, 2011, Plaintiffs were informed that they needed to file their adversary proceeding in the Defendants' prior Chapter 7 cases. On May 2, 2011, Plaintiffs commenced adversary proceedings against the Defendants in the previously closed Chapter 7 bankruptcy cases, objecting to Defendants being granted a discharge and to the dischargeability of debts and seeking revocation of the discharges previously granted to the Defendants. Plaintiffs also alleged facts in the complaints to support their claim of equitable tolling of the limitations periods for filing those objections and seeking such revocations of discharge.

IV.   DISCUSSION

---

[14] *See* Docket No. 12, Affidavit/Declaration Filed by Plaintiff Kelli A. McNaughton, ¶ 19.
[15] Adversary Proceeding # 11-1043, Docket No. 1. Though the Complaint did not so state, this was entered into the CM/ECF filing system as an 11 U.S.C. § 523(a)(2) non-dischargeability action.

-8-

A. The Plaintiffs Were Not Excused From Objecting to Discharge and to Dischargeability of Debts by the Defendants' Failure to Provide Them With Formal Notice of the Deadlines to File Such Objections.

The complaints allege that debts owed by the Defendants to the Plaintiffs are non-dischargeable under 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6), object to the Defendants being granted a discharge under 11 U.S.C. §§ 727(a)(3) and (a)(4) and seek revocation of the discharges granted to the Defendants pursuant to 11 U.S.C. §§ 727(d) and (e). Bankruptcy Rules 4004 and 4007, Fed.R.Bankr.P., require that a complaint objecting to a debtor being granted a discharge or dischargeability of debts under these statutory provisions must be filed within sixty days after the first date set for the Section 341(a) meeting of creditors unless the court extends the time on a motion filed before such time expired.[16] Unlike deadlines for objections under 11 U.S.C. §§ 523 and 727(a), deadlines which are governed by Rules 4004(a) and 4007(c), Fed.R.Bankr.P., 11 U.S.C. § 727(d)(1) contains a statutory limitations period.[17] Section 727(e) requires that a request to revoke the discharge be made either within one year after the discharge is granted; or, before the later of one year after the discharge is granted or the case is closed, depending on the grounds asserted in support of revocation of the discharge. 11 U.S.C. §§ 727(e)(1) and (2). Unless extended, the time for filing complaints objecting to the Defendants being granted a discharge or to dischargeability of debts in the Chapter 7 cases expired almost two years before Plaintiffs commenced their adversary proceeding in the Maytorena and Petkovic Chapter 7 case and approximately 19 months before Plaintiffs

---

[16] *See* Rule 4007(c).

[17] Because the statute contains the deadline, some courts have held that the time limitations in 11 U.S.C. § 727(e) cannot be extended. *See, e.g., Gonsalves v. Belice (In re Belice),* 2011 WL 4572003, *4 n.11 (1st Cir. BAP 2011)(observing that "[b]ankruptcy courts continue to agree post- *Kontrick [v. Ryan,* 540 U.S. 443 (2004)] that § 727(e) is jurisdictional); *In re Miller,* 336 B.R. 408, 410 (Bankr.E.D.Wis. 2005). *See also, In re Fehrs,* 391 B.R. 53, 67 (Bankr.D.Idaho 2008)(observing that the "time limitation on seeking revocation of discharge is a matter of statute, not rule. Whether it should be characterized as 'jurisdictional' or not, Congress' expression of finality to revocation actions under § 727(e)(1) is clearly stated.").

-9-

commenced their adversary proceeding in the Thompson Chapter 7 case. Unless extended, the time to request revocation of the discharges granted to the Defendants expired almost a year before Plaintiffs commenced their adversary proceeding in the Maytorena and Petkovic Chapter 7 case and approximately 8½ months before Plaintiffs commenced their adversary proceeding in the Thompson Chapter 7 case.[18]

The Plaintiffs assert that, even though they had actual knowledge of the commencement of the Defendants' Chapter 7 cases in time to file complaints objecting the Defendants being granted a discharge and to dischargeability of the debts owed to them, the Defendants' failure provide them formal notice of the bankruptcy cases and the deadlines to object to discharge and to dischargeability of debts should excuse them from the requirement to file a discharge or dischargeability objection or to seek revocation of the discharge within the times required by Bankruptcy Rules 4004 and 4007 and in 11 U.S.C. §§ 727(e). The Plaintiffs maintain that, had they been given formal notice of the times to file complaints objecting to the Defendants being granted a discharge and to dischargeability of debts, as required, they would have known of their right to file such a complaint and of the applicable time limits, and would have exercised that right to timely object. The Plaintiffs urge that they should not be penalized because the Defendants failed to schedule the Plaintiffs' claims and thereby deprived Plaintiffs of receiving formal bankruptcy notices.

The Bankruptcy Code specifically addresses the circumstance in which a creditor is not given formal notice of the commencement of a bankruptcy case, but learns of the

---

[18] The Plaintiffs commenced an adversary proceeding in the Maytorena and Petkovic Chapter 13 case objecting to discharge about five weeks before commencing their adversary proceedings in the Maytorena and Petkovic and the Thompson Chapter 7 cases. Had the Plaintiffs commenced their adversary proceedings in the Maytorena and Petkovic and the Thompson Chapter 7 cases five weeks earlier, it would not have changed the result reached by the Court in ruling on Defendants' motions for summary judgment.

-10-

filing of the case in time to file a timely objection to dischargeability of a debt. Section 523(a)(3) provides, in relevant part:

> (a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—
>
> > (3) neither listed nor scheduled under section 521 (a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
> >
> > > (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, *unless such creditor had notice or actual knowledge of the case in time for such timely filing and request*;

11 U.S.C. § 523(a)(3) (emphasis added).

Under this provision, "even if the debtor does not provide creditors with formal notice of his or her case, the debtor nevertheless will receive a discharge if a creditor actually knows of the case and fails to timely protect its rights." *In re Schicke*, 290 B.R. 792, 801 (10th Cir. BAP 2003). "[U]pon the receipt of notice or knowledge of a Chapter 7 case, creditors must affirmatively protect their rights by informing themselves of applicable deadlines and timely filing complaints to except their claims against the debtor from discharge." *Id.* at 800. The Tenth Circuit Court of Appeals, in *In re Walker*, 927 F.2d 1138, 1145 (1991), observed that, in a chapter 7 case, unsecured creditors who have actual knowledge of the bankruptcy case do not have the right to assume they will receive bankruptcy notices.[19] The Tenth Circuit held that if a creditor has actual knowledge of a Chapter 7 case in ample time to prepare and timely file a

---

[19] In *Walker*, the Court distinguished its prior decision in *Reliable Elec. Co. v. Olson Constr. Co.*, 726 F.2d 620, 622 (10th Cir.1984), in which the Court held that discharge of a debt owed to a creditor who had actual knowledge of the bankruptcy case, but who was *not* given notice of a Chapter 11 plan, can violate the due process clause. *See* 726 F.2d at 1145, n. 11. The Court noted that in a Chapter 11 case, in contrast to a Chapter 7 case, "a creditor does have a right to assume that he will receive all of the notices required by statute before his claim is forever barred. *Id.* In *Yukon Self Storage Fund v. Green*, 876 F.2d 854, 857 (10th Cir. 1989) the Court explained that "because of the specific language of § 523(a)(3)(A) allowing discharge of the debt of a creditor with actual, timely notice, a Chapter 7 creditor holding an unsecured claim does not have the 'right to assume' receipt of further notice."

-11-

complaint objecting to dischargeability of a debt, then that creditor is barred from challenging the dischargeability of a debt owed to it some fifteen months after the time expired to file the complaint. *Id.*

Thus, under Tenth Circuit and Tenth Circuit Bankruptcy Appellate Panel case law, even though the Plaintiffs did not receive formal notice of the deadlines to file complaints objecting to the Defendants being granted a discharge or to dischargeability of debts, they were charged with affirmatively protecting their rights when they received the Suggestions of Bankruptcy days after the Chapter 7 cases were commenced. This included a duty to inform themselves of applicable deadlines and to timely file complaints to object to discharge or except debts owed by the Defendants to them from discharge. This Court is bound by Tenth Circuit case law. Under the circumstances present here, the Defendants' failure to provide the Plaintiffs with formal notice of the Chapter 7 cases and the deadlines to object to discharge and to dischargeability of debts did not excuse the Plaintiffs from the requirement to file a discharge or dischargeability objection or to seek revocation of the discharge within the times required by Bankruptcy Rules 4004 and 4007 and in 11 U.S.C. §§ 523(a) and 727(e).

> B. The Plaintiffs' Complaints Objecting to Discharge and Dischargeability of Debts and Seeking Revocation of the Discharges Granted to the Defendants Are Not Made Timely by Application of Equitable Tolling.

The Plaintiffs assert that the time to file their complaints objecting to the Defendants being granted a discharge and to dischargeability of debts and seeking revocation of the Defendants' discharges should be extended under the doctrine of equitable tolling. In support of application of equitable tolling, the Plaintiffs urge that the delay in filing their complaints was the fault of the Defendants, reasoning that had the Defendants properly scheduled the Plaintiffs claims, Plaintiffs would have received

-12-

formal notice of the Section 341(a) meetings of creditors and the deadline to object to discharge and dischargeability, would have attended the meetings of creditors, and would have timely filed complaints objecting to discharge and dischargeability. Defendants further urge that they acted diligently given the information they had. They assert that they received erroneous advice from counsel about not having access to the dockets or to documents filed in the bankruptcy cases, and that they thought their only recourse for bankruptcy fraud was to report the fraud to the United States Trustee and the case trustees. When the Plaintiffs learned they could review the electronic court files for the chapter 7 cases, they did so promptly. When they learned of the need to file complaints objecting to discharge and to dischargeability of debts, they promptly filed the complaint in the Maytorena and Petkovic Chapter 13 case. When they learned that they should have commenced adversary proceedings in the Defendants' Chapter 7 cases, they promptly filed complaints to commence the pending adversary proceedings.

As this Court has held before, the time limit for objecting to dischargeability of a debt and to discharge imposed by the Bankruptcy Rules rule is not jurisdictional.[20] Since there is no jurisdictional limit on the Court's authority to hear a claim objecting to dischargeability, equitable defenses like waiver, estoppel, and equitable tolling can apply to preserve a plaintiff's claim that a chapter 7 debtor's discharge can be denied.[21]

---

[20] *Alam v. Hossain*, Adv. No. 10-1183, Footnote 6 (Bankr.D.N.M. 2010, J. Jacobvitz). (citing *Kontrick v. Ryan*, 540 U.S. 443, 454 and n.3 (2004) (stating that "the filing deadlines prescribed in Bankruptcy Rules 4004 and 9006(b)(3) are claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate[]" and recognizing that Rule 4007(c) contains "essentially the same time prescriptions")).

[21] *See In re Benedict,* 90 F.3d 50, 54 (2nd Cir. 1996)(holding that the deadline in Rule 4007(c) is subject to waiver, estoppel, and equitable tolling); *Sunflower Bank v. Otte (In re Otte),* 2004 WL 2187175 (Bankr. D. Kan. 2004)(finding that the doctrine of equitable tolling can be applied to the deadline in Rule 4007(c); *Wahrman v. Bajas (In re Bajas),* 443 B.R. 768, 2011 WL 834000, *4 (Bankr.E.D.Mich. March 20, 2011)("The deadline for filing a §523(c) non-dischargeability action is not jurisdictional. Rather, it is subject to the defenses of waiver, estoppel, and equitable tolling.")(citations omitted); *Yesh Diamonds, Inc. v. Yashaya (In re Yashaya),* 403 B.R. 278, 285 (Bankr.E.D.N.Y. 2009), *aff'd,* 2010 WL 3851993 (E.D.N.Y. Sept. 27, 2010)(reasoning that because 4007(c) is not

-13-

However, these equitable defenses

> must be applied in a manner consistent with the manifest goals of Congress to resolve the matter of dischargeability promptly and definitively in order to ensure that the debtor receives a fresh start unobstructed by lingering doubts about the finality of the bankruptcy decree.[22]

As such, the Court should extend such equitable relief sparingly.[23] The plaintiff bears the burden of showing that equitable tolling applies.[24] Equitable tolling may be appropriate "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, [or]… 'if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights.'"[25] A court may find that equitable tolling applies to extend the deadline for an otherwise untimely cause of action if a plaintiff shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[26] Other factors relevant to the determination of whether equitable tolling applies to extend the deadline for an otherwise untimely cause of action include:

---

jurisdictional, it is subject to equitable tolling, waiver, and equitable estoppel); *Ross v. Camus (In re Camus),* 386 B.R. 396, 397 (Bankr.D.Conn. 2008)(reasoning that because the deadline in Rule 4007(c) is not jurisdictional and is, instead, comparable to a statute of limitations, it is also subject to equitable defenses, including equitable tolling); *First Bank System, N.A. v. Begue (In re Begue),* 176 B.R. 801, 804 (Bankr.N.D.Ohio 1995)(reasoning that because Rule 4007(c) serves as a statute of limitations, "this statutory filing deadline is subject to the defenses of waiver, estoppel, and equitable tolling.")(citations omitted). *But see, Owen v. Miller (In re Miller),* 333 B.R. 368, 372 (Bankr.N.D.Tex. 2005)(finding that equitable tolling cannot be "raised as a defense to a motion to dismiss a late-filed dischargeability action."). *Cf., Rowland,* 275 B.R. at 216 (holding that, even if Rule 4007(c) were not jurisdictional, the sixty-day deadline for filing complaint objecting to the dischargeability of a particular debt could not be extended on untimely motion based on theory of equitable tolling).

[22] *Id.* (*quoting In re Kontrick*, 295 F.3d 724 (7th Cir. 2002), *aff'd* 540 U.S. 443 (2004)).

[23] *See U.S. v. Clymore,* 245 F.3d 1195, 1199 (10th Cir. 2001) (stating that "[f]ederal courts have typically extended equitable relief only sparingly.")(*quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

[24] *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, the litigant seeking equitable tolling bears the burden of establishing two elements…."); *Yesh Diamonds, Inc. v. Yashaya (In re Yashaya)*, 403 B.R. 278, 285 (Bankr.E.D.N.Y 2009) (stating that "'if the burden of establishing a cause for extension of a time limit is not met by the moving party, the [request] shall be denied.'")(*quoting In re Weinstein,* 234 B.R. 862, 966 (Bankr.E.D.N.Y. 1999)).

[25] *Id.* (*quoting Biester v. Midwest Health Servs., Inc.,* 77 F.3d 1264, 1267 (10th Cir. 1996)).

[26] *Pace*, 544 U.S. at 418.

-14-

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.[27]

Plaintiffs here fail to meet the weighty burden required for a finding that equitable tolling applies. Although the Defendants failed to list Plaintiffs' claim in their schedules, which resulted in the omission of Plaintiffs from the creditor mailing lists maintained in connection with their respective Chapter 7 cases, the Defendants gave the Plaintiffs actual notice of commencement of the Chapter 7 cases by filing Suggestions of Bankruptcy in the pending state court case only a few days after each Chapter 7 case was commenced. The Defendants never actively deceived the Plaintiffs about the fact that they had filed for bankruptcy relief.

Plaintiffs acknowledge they received each Suggestion of Bankruptcy shortly after it was filed in the state court case. Plaintiffs thereby acknowledge receiving actual notice of both Chapter 7 cases within one week of each case being filed, and well before the deadlines to commence adversary proceedings objecting to discharge or dischargeability of debts.

It appears that Plaintiffs diligently pursued their rights once they understood that they had the right to view filings of record in the Chapter 7 cases and needed to commence adversary proceedings to contest the Defendants being granted a discharge or the dischargeability of debts. However, no extraordinary circumstances prevented Plaintiffs from timely objecting to discharge or to dischargeability of debts in the Chapter 7 cases. While Plaintiffs may have received bad and unfortunate advice regarding their rights and how the bankruptcy process works, that is not the fault of the Defendants. Any potential legal prejudice visited upon the Plaintiffs as a result the Defendants not including their claim in the bankruptcy schedules was negated by the Defendants providing Plaintiffs with actual timely notice of the bankruptcy cases via the

---

[27] *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir. 2003) (*quoting Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

Suggestions of Bankruptcy filed in the pending state court case. Under these circumstances, the Court finds that equitable tolling does not apply to Plaintiffs claims under 11 U.S.C. § 523 or § 727(a) or to their request for revocation of the discharges pursuant to 11 U.S.C. §§ 727(d) and (e).[28]

V.   CONCLUSION

Based on the foregoing, the Court concludes that Plaintiffs objections to dischargeability of debts and to discharge and to revocation of the discharges previously granted are untimely, and that summary judgment should be entered in favor of the Defendants. Orders granting summary judgment in favor of the Defendants will be entered forthwith.

*[signature]*

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: 11/4/11

COPIES TO:

<u>Plaintiffs</u>
**Kelli A. McNaughton**
1602 Sigma Chi Rd. NE
Albuquerque, NM 87106


<u>Defendants' Counsel</u>
**Chris W Pierce**
Hunt & Davis, P.C.
P.O. Box 30088
Albuquerque, NM 87190-0088

---

[28] The Court is not deciding whether equitable tolling can apply to the statutory limitations period contained in 11 U.S.C. § 727(d) and (e) in these circumstances, given its determination that Plaintiffs have not satisfied the requirements for equitable tolling even if the doctrine applies.

-16-